UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NALPAC, LTD.,

    Plaintiff,

v.                                               Civil Case No. 16-11217
                                               Honorable Linda V. Parker

HUSTLER CINCINNATI, INC. and
JIMMY FLYNT,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANT JIMMY FLYNT'S MOTION TO DISMISS

This is a breach of contract action arising from the alleged failure of Defendants Hustler Cincinnati, Inc. ("Hustler") and Jimmy Flynt ("Flynt") to pay Plaintiff Nalpac, Ltd. ("Nalpac") for certain goods. Presently before the Court is Flynt's motion to dismiss for lack of personal jurisdiction, filed pursuant to Federal Rule of Civil Procedure 12(b)(2) on April 8, 2016. (ECF No. 3.) The motion has been fully briefed. (ECF Nos. 5, 7.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court is granting Flynt's motion.

## Background

Nalpac is a Michigan corporation, with its principal place of business in Ferndale, Michigan. (Notice of Removal ¶ 3, ECF No. 1; Compl. ¶ 1, ECF No. 1-1.) Hustler is an Ohio corporation, with its principal place of business in Cincinnati, Ohio. (Notice of Removal ¶ 3; Compl. ¶ 2.) Flynt is a citizen of Kentucky. (Notice of Removal ¶ 3.)

In the Complaint, Nalpac alleges that Hustler and Flynt applied for and received a credit line to obtain goods from Nalpac. (Compl. ¶ 7.) The credit application, dated March 1, 2010, is signed by Flynt as "owner" of Hustler. (Compl., Ex. A.) Nalpac claims that Hustler and Flynt thereafter ordered goods, but failed to pay the principal sum due of $52,186.75. (*Id.* ¶¶ 8-9, 11.) Pursuant to the terms of the credit application, Nalpac also claims interest on that amount at a rate of 18% per annum.

On February 17, 2016, Nalpac initiated this lawsuit in Michigan state court to collect the unpaid amount. (ECF No. 1-1.) Flynt removed the action to federal court based on diversity jurisdiction on April 4, 2016. (ECF No. 1.)

## Applicable Standard

The plaintiff bears the burden of establishing the existence of personal jurisdiction. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (citing *Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). The district court may address a Rule 12(b)(2) motion on the parties'

submissions or permit limited discovery and hold an evidentiary hearing. *Id.* Where, as here, the court does not conduct an evidentiary hearing and relies only on written submissions and affidavits to resolve the motion, " 'the plaintiff need only make a prima facie showing of jurisdiction. In this situation, [the court] will not consider facts proffered by the defendant that conflict with those offered by the plaintiff, and [it] will construe the facts in a light most favorable to the nonmoving party.' " *Indah v. SEC*, 661 F.3d 914, 920 (6th Cir. 2011) (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)). Additionally, in this situation, the burden on the plaintiff is "relatively slight." *Air Prods. & Controls*, 503 F.3d at 549 (citing *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)).

## Law & Analysis

Federal courts may exercise personal jurisdiction in diversity cases only if such jurisdiction is (1) authorized by the law of the state in which the court sits; and (2) is consistent with the Due Process Clause of the Fourteenth Amendment. *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003); *see also Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000) ("The exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements."). When the state's long-arm statute has been interpreted to be "coterminous with the limits on personal jurisdiction imposed by the due process clause[,]" the two inquiries merge and the court need only determine whether the assertion of personal jurisdiction comports with due process. *Intera Corp. v. Henderson*, 428 F.3d 605, 616 (6th Cir.

2005) (internal quotation marks and citations omitted). "Under Michigan's long-arm statute, the state's jurisdiction extends to the limits imposed by federal constitutional due process requirements and thus, the two questions become one. *Mich. Coalition of Radioactive Material Users v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992) (citing *Chandler v. Barclays Bank PLC*, 898 F.2d 1148, 1150 (6th Cir. 1990))

"Due process requires that a defendant have 'minimum contacts . . . with the forum State . . . such that he should reasonably anticipate being haled into court there.' " *Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). This requirement ensures that the exercise of jurisdiction does not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Neal v. Jannsen*, 270 F.3d 328, 331 (6th Cir. 2001). "Depending on the type of minimum contacts in a case, personal jurisdiction can either be specific or general." *Air Products & Controls*, 503 F.3d at 549-50 (citing *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1116 (6th Cir. 1994)).

General jurisdiction requires the defendant to have "continuous, substantial, and systematic" contacts with the forum State. *Daimler AG v. Bauman*, -- U.S. --, 134 S. Ct. 746, 769 (2014). As the Supreme Court has articulated, the defendant's "affiliations with the State [must be] so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Contacts in the forum resulting

4

from the "unilateral activity" of another party or person are insufficient to support the exercise of general personal jurisdiction over a defendant. *Burger King Corp. v. Rudzewicz*, 471 US. 462, 475 (1985) ("The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person.").

" '[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.' " *Indah*, 661 F.3d at 920 (quoting *Goodyear*, 564 U.S. at 919). In other words, "[w]hen the cause of action at issue 'arises out of or relates to' [the defendant's] contacts [with the forum], a court may properly assert personal jurisdiction, even if those contacts are 'isolated and sporadic.' " *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F3d 1355, 1359 (Fed. Cir. 1998) (quoting *Burger King*, 471 U.S. at 472-73). The Sixth Circuit has identified three requirements which must be satisfied to exercise specific jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Beydoun v. Wataniya Rest. Holding, Q.S.C.*, 768 F.3d 499, 505 (6th Cir. 2014) (quoting *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

Nalpac does not argue that Flynt has sufficient contacts with Michigan to support general jurisdiction over him. (*See* Resp. Br., ECF No. 5.) Relying on the credit application Flynt signed, however, Nalpac contends that Flynt is subject to specific jurisdiction. (*Id.*) Nalpac specifically relies on the following statement above Flynt's signature on the application

> I hereby guarantee the timely payment of all invoices billed to our account … I agreed to pay a finance charge of 1% per month on all past due amounts and to pay any and all past due amounts and to pay any and all collection costs, legal fees, and any other cost associated with the collection of our account.

(*See* Resp., Ex. A, ECF No. 5 at Pg ID 125, capitalization removed.) Nalpac contends that this constitutes Flynt's personal guarantee to pay the amount owed and sought in this lawsuit.

Under Michigan law, however, Flynt's signature on the application as owner of Hustler is not a personal guarantee. *Lexon Ins. Co. v. Naser*, 781 F.3d 335, 340-41 (6th Cir. 2015); *Livonia Bldg. Materials Co. v. Harrison Constr. Co.*, 742 N.W.2d 140, 146 (Mich. Ct. App. 2007). "As a general rule, an individual stockholder or officer is not liable for his corporation's engagements unless he signs individually, and where individual responsibility is demanded the nearly universal practice is that

the officer signs twice-- once as an officer and again as an individual." *Lexon Ins.*, 781 F.3d at 340-41 (quoting *Livonia Bldg. Materials*, 742 N.W.2d at 146). Flynt signed the application once. Nalpac offers no other evidence to suggest that he personally guaranteed the payments now at issue. Nor does Nalpac offer any other evidence suggesting that Flynt "purposefully avail[ed] himself of the privilege of acting in the forum state or causing a consequence in the forum state." *Beydoun*, 768 F.3d at 505.

In short, while Nalpac's burden to establish the Court's jurisdiction over Flynt is not a heavy one, it has not satisfied its burden.

Accordingly,

**IT IS ORDERED** that Defendant Flynt's motion to dismiss (ECF No. 3) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff Nalpac, Ltd.'s claim against Flynt is **DISMISSED WITHOUT PREJUDICE** and Defendant Flynt is **DISMISSED AS A PARTY** to this action.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 1, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 1, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager